**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIMAS ROGELIO LOPEZ-VASQUEZ, | No. 19-73063 |
| Petitioner, | Agency No. A088-734-606 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Dimas Rogelio Lopez-Vasquez ("Lopez"), a native and citizen of

Guatemala, seeks review of the Board of Immigration Appeals' (BIA) decision

denying his motion to reopen removal proceedings. We have jurisdiction under 8

U.S.C. § 1252(a)(1) and we deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez first moved the BIA to reopen his removal proceedings on the ground that country conditions in Guatemala had materially changed. Specifically, Lopez cited evidence that members of indigenous rights groups have recently been murdered. This evidence alone cannot establish materially changed conditions because Lopez did not also provide evidence from the time of his original claim to be used as a comparison. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."). Even assuming changed conditions, Lopez has not shown that this evidence is material to his eligibility for relief because he does not claim to be a member of any indigenous rights group. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (petitioner must establish that any new evidence is material and that it establishes prima facie eligibility for relief).

Lopez also moved the BIA to reopen his removal proceedings to allow him to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). This motion was properly denied because Lopez did not provide evidence of prima facie eligibility for cancellation of removal. Cancellation of removal requires a showing that removal would cause "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Lopez's motion did not meet this

standard. He only asserted in a conclusory fashion that his removal would cause such a hardship, but he did not provide evidence or an explanation of why this is so. Lopez did provide medical documents for his children, but the documents are from 2012 and Lopez did not offer evidence showing how his absence would affect his children's ability to receive medical care.

For these reasons, the BIA did not abuse its discretion in denying Lopez's motion to reopen. *See Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016).

**PETITION DENIED.**